# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-301V

|  |  |
|---|---|
| JENNIFER CALLIES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2025 |

*Jubaile Abila, Groth Law Firm, S.C., Brookfield, WI,* for Petitioner.

*Lauren Kells, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 18, 2022, Jennifer Callies filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on December 1, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 25, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 48. On April 14, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$40,000.00 in pain and suffering and $785.32 to satisfy a Commonwealth of Virginia Medicaid Lien. Proffer at 2, ECF No. 52. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

**A.  A lump sum payment of $40,000.00 for pain and suffering to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

**B.  A lump sum payment of $785.32, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, payable jointly to Petitioner and to:**

> **Office of the Attorney General**
> **Financial Recovery Section**
> **ATTN: Valerie Hill, OAG File #202303366**
> **P.O. Box 610**
> **Richmond, Virginia 23218**

**Petitioner agrees to endorse this payment to the Office of the Attorney General.**

This amount represents compensation for all damages that would be available under Section 15(a). *See id.*

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JENNIFER CALLIES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 22-301V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 18, 2022, Jennifer Callies ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on December 1, 2020.  Petition at 1, 6.  On December 19, 2024, the Court issued Findings of Fact, ruling that the onset of petitioner's shoulder pain occurred within 48 hours of vaccination.  ECF No. 43.  On February 24, 2025, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  Amended Rule 4(c) Report at 5 (ECF No. 47).  The next day, Chief

Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[1]  *See* Ruling on Entitlement (ECF No. 48).

**I.       Items of Compensation**

A.  Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$40,000.00** in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.  Medicaid Lien

Respondent further proffers that petitioner, Jennifer Callies, should be awarded funds to satisfy, in full, the Commonwealth of Virginia Medicaid lien in the amount of **$785.32**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Virginia may have against any individual as a result of any Medicaid payments the Commonwealth of Virginia has made to or on behalf of Jennifer Callies from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.       Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through

---

[1]  Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 25, 2025, entitlement decision.

two lump sum payments as described below, and requests that the Chief Special Master's

damages decision and the Court's judgment award the following:[2]

     (A)   <u>Petitioner's Damages</u>

          A lump sum payment of **$40,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

     (B)   <u>Medicaid Lien</u>

          A lump sum payment of **$785.32**, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, payable jointly to petitioner and to:

               Office of the Attorney General
               Financial Recovery Section
               Attn:  Valerie Hill, OAG File #202303366
               P.O. Box 610
               Richmond, Virginia 23218

          Petitioner agrees to endorse this payment to the Office of the Attorney General.

**III.  <u>Summary of Recommended Payments</u>**

       a.   Lump sum payment to petitioner, Jennifer Callies:     $40,000.00

       b.   Lump sum payment payable jointly to petitioner     $785.32
           and the Office of the Attorney General in
           satisfaction of the Commonwealth of Virginia
           Medicaid Lien:

               Respectfully submitted,

               YAAKOV M. ROTH
               Acting Assistant Attorney General

               C. SALVATORE D'ALESSIO
               Director
               Torts Branch, Civil Division

---

[2]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Directory
Torts Branch, Civil Division

*/s/ Lauren Kells*
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone:  (202) 616-4187
Email:  Lauren.Kells@usdoj.gov

DATED:  April 14, 2025

4